```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                   COLUMBUS DIVISION
```

| | | |
|---|---|---|
| IN RE MENTOR CORP. OBTAPE | * | MDL DOCKET NO. 2004 |
| TRANSOBTURATOR SLING PRODUCTS | * | ALL CASES |
| LIABILITY LITIGATION | * | 4:08-MD-2004 |

<u>ORDER</u>

The Court addressed all outstanding discovery disputes at the initial status conference held on January 19, 2009, making oral rulings at that time. One issue raised by the parties, which has the potential to recur, relates to when a party has satisfied its obligation to respond to requests for production under Federal Rule of Civil Procedure 34(b)(2)(E)(i). To avoid future similar disputes, the Court finds it appropriate to state in writing its interpretation of this rule.

Rule 34(b)(2)(E)(i) permits the party responding to a request for production to either "produce documents as they are kept in the usual course of business" or "organize and label them to correspond to the categories in the request[.]" In this case, Defendant has responded to Plaintiffs' requests for numerous specific documents by producing in excess of 50,000 documents which Defendant contends were produced "as they are kept in the usual course of business." Plaintiff maintains that this production does not comply with Rule 34 because it provides no reasonable means for Plaintiffs to find

1

the specific documents that they requested and allows Defendant to avoid informing Plaintiffs precisely whether and which documents exist that respond to their requests.  To allow the discovery of this relevant information in an expeditious manner, the Court ruled at the hearing that Plaintiff shall be permitted to propound an additional 15 interrogatories in an attempt to have Defendant more precisely inform Plaintiffs of which documents respond to which requests.

The present dispute reveals the necessity of balancing Rule 34(b)(2)(E)(i)'s legitimate purpose of easing the burden of production on a producing party while reasonably assuring that a literal application of the rule does not prevent the requesting party from obtaining discoverable documents in a meaningful manner. As recognized by other courts, this rule generally was designed to facilitate the discovery of relevant information by preventing "'attempt[s] to hide a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents[.]'" *Williams v. Taser Int'l, Inc.*, No. 1:06-CV-0051-RWS, 2006 WL 1835437, at *7 (N.D. Ga. June 30, 2006) (quoting *Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp.*, 222 F.R.D. 594, 598 (E.D. Wis. 2004)).  The rule also "prevent[s] the juvenile practice whereby the producing party purposely rearranged the documents prior to production in order to prevent the requesting party's efficient use of them."  *United States v. O'Keefe*, 537 F. Supp. 2d 14, 19 (D.D.C.

2008).

As another court observed, this provision "was born out of the disfavor shown by courts to the dumping of massive quantities of documents, with no indexing or readily apparent organization, in response to a document request from an adversary[.]" *Pass & Seymour, Inc. v. Hubbell Inc.*, No. 5:07-CV-00945 (NAM/DEP), 2008 WL 4240490, at *2 (N.D.N.Y. Sept. 12, 2008) (internal citation omitted).  Underlying this provision is the assumption "that production of records as kept in the usual course of business ordinarily will make their significance pellucid." *CooperVision Inc. v. Ciba Vision Corp.*, No. 2:06CV149, 2007 WL 2264848, at *4 (E.D. Tex. Aug. 6, 2007).  The responding party therefore bears the burden of demonstrating that the documents were in fact produced as they were kept in the usual course of business, *Williams*, 2006 WL 1835437, at *7, and a bald assertion that documents were produced in such manner is not sufficient to carry that burden, *GP Indus., LLC v. Bachman*, No. 8:06CV50, 2008 WL 1733606, at *3 (D. Neb. Apr. 10, 2008).

It is beyond reasonable dispute that a party fails to meet its obligations under Rule 34 if it simply provides boxes of files in an undifferentiated mass. *O'Keefe*, 537 F. Supp. 2d at 19-20.  In addition, however, "'merely categorizing the documents produced does not, without some further explanation, satisfy the requirement that they be produced as kept in the usual course of business.'"

*GP Indus., LLC*, 2008 WL 1733606, at *3 (quoting *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 618 (D. Kan. 2005)). Instead, when a party decides to exercise its option to produce records as they are kept in the usual course of business, that party "also has an obligation to organize the documents in such a manner that [the requesting party] may obtain, with reasonable effort, the documents responsive to their requests." *Williams*, 2006 WL 1835437, at *7. In short, the documents must be "render[ed] usable by the requesting party." *O'Keefe*, 537 F. Supp. 2d at 19. A determination as to whether the documents are reasonably "usable" must be made on a case by case basis.

In summary, no hard and fast rule can be crafted for every production. It is clear, however, that simply producing a mass of documents with the assurance that they are produced in the same manner as they are kept in the ordinary course of business does not automatically satisfy a party's obligation under Rule 34(b)(2)(E)(i). Moreover, the mere presence of an index does not, standing alone, make the documents reasonably usable to a requesting party who has no familiarity with the producing party's index or method of organization. On the other hand, if a party produces documents as they are kept in the ordinary course of business and that production is done in such a manner that the requesting party can reasonably locate which documents are responsive to its specific requests, then the producing party has

satisfied its obligation under the rule.  It has no legal obligation to arrange or label the usable documents for the "convenience" of the requesting party.

When a disagreement arises as to whether a production is adequate, the Court expects the parties to communicate in good faith in an effort to complete the production in a manner that allows the requesting party to reasonably ascertain which documents are responsive to which requests.  The Court will not condone, however, any attempt by the requesting party that overburdens the producing party simply to make this ascertainment more convenient for the requesting party.  Rule 34 seeks to balance the burdens in an equitable manner.  The Court observes that it is not good faith for the requesting party to steadfastly maintain that the documents must be specifically linked to specific requests.  That would make the first phrase of Rule 34(b)(2)(E)(i) meaningless.  Likewise, it would not be good faith for the producing party to simply produce all of the documents in its possession and respond, "this is how the documents are kept in the ordinary course of our business; here's an index; good luck figuring it out; the rules require you to comb through the proverbial haystack and find the needle you are looking for."

If the parties cannot reach a resolution of similar discovery disputes going forward, the standard the Court will use in determining what is required will be whether the production allows the requesting party to reasonably determine what documents are

responsive to their requests.  If it does, the production complies with Rule 34(b)(2)(E)(i).  If it does not, then the production does not comply.  If a party's position lacks substantial justification, sanctions will be imposed.

      IT IS SO ORDERED, this 22nd day of January, 2009.


                                S/Clay D. Land
                                CLAY D. LAND
                      UNITED STATES DISTRICT JUDGE