IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

IN RE MENTOR CORP. OBTAPE  \*
TRANSOBTURATOR SLING PRODUCTS  \*
LIABILITY LITIGATION  \*

MDL Docket No. 2004
4:08-MD-2004(CDL)

ALL CASES

O R D E R

Plaintiffs noticed the depositions of Joshua H. Levine, Mentor's World Wide President, and Christopher J. Conway, Mentor's founder and former CEO. Mentor opposes the depositions and seeks an order quashing the deposition notices, as well as a protective order prohibiting the depositions. For the reasons set forth below, Mentor's Motion to Quash and for Protective Order (Doc. 76) is denied.

Federal Rule of Civil Procedure 26(c) provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order forbidding a deposition. However, "[i]t is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979). Mentor contends that the Court should apply the "apex" deposition rule to prohibit the depositions of Conway and Levine. Under the apex rule, a court may bar a deposition of a high level executive who lacks unique or personal knowledge related to the

case. *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 126 (D. Md. 2009); *see also Salter*, 593 F.2d at 651 (finding that district court properly declined to permit executive's deposition unless depositions of lower level employees were not sufficient). The rationale for barring such depositions is that "high level executives are vulnerable to numerous, repetitive, harassing, and abusive depositions, and therefore need some measure of protection from the courts." *In re Bridgestone/Firestone, Inc. Tires Prods. Liability Litig.*, 205 F.R.D. 535, 536 (S.D. Ind. 2002). Under the apex rule, the party seeking the deposition must show that the executive has "unique or superior knowledge of discoverable information" that cannot be obtained by other means. *Chick-Fil-A, Inc. v. CFT Dev., LLC*, No. 5:07-cv-501-Oc-10GRJ, 2009 WL 928226 (M.D. Fla. Apr. 3, 2009).

Where an executive's only connection with the matter is the fact that he is the defendant corporation's CEO, with no direct involvement in or knowledge of the issues giving rise to the action, a deposition of the executive may not be appropriate. *Minter*, 258 F.R.D. at 127. On the other hand, where the executive has personal knowledge of and involvement in certain relevant matters or where conduct and knowledge of the highest corporate levels are relevant in the case, a deposition of the executive is generally permitted. *In re Bridgestone/Firestone*, 205 F.R.D. at 536-37. In *In re Bridgestone/ Firestone*, the court permitted the deposition of Ford's

2

Chairman of the Board in a products liability action involving Firestone tires and Ford Explorer safety because the Chairman had personal knowledge of and involvement in several relevant matters and because the conduct and knowledge of Ford's highest level executives were relevant to the case. *Id.* *See also Minter*, 258 F.R.D. at 127 (permitting deposition of CEO where CEO was highly involved in business practices at issue in lawsuit). Moreover, the court emphasized that the proposed deposition was not for purposes of a single personal injury case; rather, the Chairman was to be deposed once for hundreds of personal injury cases pending in a multidistrict litigation proceeding, a class action, and a variety of state court cases. *In re Bridgestone/Firestone*, 205 F.R.D. at 536.

Here, both Conway and Levine stated in their declarations that they have no unique first-hand knowledge regarding ObTape or the claims asserted in Plaintiffs' complaints. (Conway Decl. ¶¶ 4-6, July 20, 2009; Levine Decl. ¶¶ 6-8, July 20, 2009.) However, Plaintiffs point to prior testimony that Conway and Levine gave in the California state court case of *Seeno v. Mentor Corp.*, which suggests that Conway and Levine do have some direct, first-hand knowledge of Mentor's decisions regarding the marketing and sales of ObTape, as well as Mentor's actions related to the FDA's regulation and approval of ObTape. (*E.g.*, Conway Dep. 49:6-22; 61:7-21; 206:14-207:23, Oct. 8, 2008; Levine Dep. 122:7-124:11, 134:12-22; 150:13-25; 194:11-196:9, Sept. 26, 2008.) From this, the Court concludes that

Conway and Levine have sufficient first-hand knowledge of discoverable information regarding ObTape to warrant their depositions in this matter.  Moreover, the knowledge and conduct of Mentor's high level executives may be relevant to some of the issues presented in this litigation.  Finally, the depositions of Conway and Levine are not for purposes of a single personal injury case—they are to be used in every case pending in this MDL proceeding.

Mentor contends that even if Conway and Levine have first-hand knowledge of matters relevant to Plaintiffs' claims, the Court should prohibit their depositions because they have already given testimony regarding ObTape in another matter, so the information Plaintiffs seek is available from a less intrusive source.  However, Plaintiffs note that during discovery in this MDL proceeding Plaintiffs received more than 18,000 documents that were not available prior to the depositions in the *Seeno* case.  Furthermore, Plaintiffs have been able to depose individuals that were not deposed in the *Seeno* case. Plaintiffs contend that they should be permitted to question Conway and Levine with regard to this new discovery if it pertains to their specific activities related to ObTape.  The Court agrees. *See, e.g., Folwell v. Hernandez*, 210 F.R.D. 169, 174 (M.D.N.C. 2002) (permitting deposition of CEO after depositions of other key executives in part because newly produced documents had not been available at prior depositions).  Furthermore, Plaintiffs represent that they will not re-explore topics that were adequately covered in the previous

4

testimony of Levine and Conway. Finally, based on the representations of the parties, the depositions of nearly all current and former Mentor employees who were to be deposed in this action should have been completed by now, so the parties should be able to narrow the scope of questioning to be directed to Conway and Levine.

For all of these reasons, the Court denies Mentor's Motion to Quash and for Protective Order (Doc. 76).  Plaintiffs shall be permitted to depose Conway and Levine at a location convenient to each witness.  The Court is confident that Plaintiffs' counsel will narrowly tailor their inquiry during the depositions, and thus finds that no additional specific limitations by the Court are necessary at this time.

IT IS SO ORDERED, this 1st day of December, 2009.

          S/Clay D. Land
            CLAY D. LAND
    UNITED STATES DISTRICT JUDGE